In the Matter of the CITY OF NEW YORK, Relative to Acquiring Title to Real Property Required for the Opening and Extending of HARLEM RIVER DRIVE.

Supreme Court, Special Term, New York County, November 3, 1950.

*Seymour D. Lewis* for Israel Lewis, petitioner.

*Schlesinger & Berliner* for respondents.

EDER, J. In this condemnation proceeding title to the property herein, Damage Parcel No. 102, vested in the City of New York on April 17, 1950, by virtue of the final decree entered on that day.

The petitioner, Israel Lewis, as holder of a first mortgage, claims the award of $9,123 granted by the final decree, which award is made to unknown owners, subject to the mortgage. By this application petitioner seeks an order authorizing and directing the comptroller of the city of New York to pay said award to him.

The record owner, Catherine Cronin, acquired title to the property, by deed, from Annie Sullivan, which deed was recorded January 9, 1926; on the same date Catherine Cronin, and her husband, Cornelius Cronin, executed and delivered to said Annie Sullivan a mortgage in the sum of $15,000, the mortgage in question, since reduced to $10,000.

Said Catherine Cronin died on June 12, 1942; Cornelius Cronin died on December 10, 1939; each died intestate: they left them surviving the respondents, who oppose the application, contending that the mortgage is unenforcible, outlawed

by the six years' Statute of Limitations, viz., section 47-a of the Civil Practice Act, and maintain that petitioner's claim to the award is, in consequence, barred.

The petitioner, seeking to avoid the effect of the bar of section 47-a submits that the running of the statute was suspended by virtue of the following occurrences: (1) In that, as " mortgagee in possession ", he, in September, 1943, received a partial payment of interest; (2) In that, as " mortgagee in possession ", he, in 1946, collected income from the mortgaged property and after payment of expenses there remained a surplus which he, as such mortgagee in possession, applied in 1947 in reduction of the principal of the mortgage debt.

These occurrences, petitioner claims, operated, in law, to suspend the running of the statute, avoided the bar thereof, and sustained the vitality of the mortgage and continued it in full force and effect.

This premise, when appraised in an appropriate factual setting, might have its measure of merit. But in the factual setting here extant the contention is viewed as untenable.

The factual situation is not that as represented by the movant. Petitioner was not and could not be during the period April 21, 1939, to February 19, 1947, mortgagee or mortgagee in possession, for the established fact is, and it is incontrovertible, that from April 21, 1939, to April 30, 1946, the Pennsylvania Exchange Bank was the owner and holder of the mortgage: that on the latter date the bank assigned the mortgage to Herman Lewis, who was the owner and holder thereof until February 19, 1947, when the mortgage was assigned to petitioner.

The act of the petitioner in entering into possession of the premises and assuming to act as a mortgagee in possession was unlawful and utterly without legal right; he, during the aforementioned period, possessed no legal status whatever; he was an intruder, a trespasser. Being without any legal status or right as a mortgagee, or mortgagee in possession, during said period anything he did could not and did not affect the mortgage, or the status or rights of any party to or under the mortgage or halt the running of the statute against it. His status was no more than that of a stranger, if regarded in a light less than that of an intruder or trespasser. Petitioner only acquired a status as mortgagee on February 19, 1947, the date of the assignment of the mortgage to him. Until then he was utterly without any standing.

The ultimate fact is that after default no action to foreclose was ever brought; that the limited period within which to do so has expired. In consequence the provisions of section 47-a of the Civil Practice Act, are applicable. The petitioner's right to forclose the mortgage is gone and is barred, as is also the claim or right of the petitioner to the award.

It is not inappropriate to observe that the mortgage does not give authority to the mortgagee to enter into possession of the mortgaged premises, after default, but permits only the appointment of a receiver.

Other factors might be alluded to tending to nullify petitioner's contentions, but discussion thereof is unnecessary: Enough is present establishing that petitioner is not entitled to the award.

If the court had been apprised of the actual factual situation, i.e., that, in truth, petitioner was not, during the period mentioned, mortgagee, or mortgagee in possession, and that his statements to the converse, which influenced the court, were not the fact, this court would have declared the mortgage unenforcible and barred, for the reasons stated, and would not have made the award subject to the mortgage; the inclusion of such provision in the final decree was due to mistake.

The decree will be amended and corrected by expunging therefrom the provision that the award is subject to the mortgage and the amended decree will contain a provision authorizing and directing that the award be paid to the respondents by the comptroller.

The court is not in accord with petitioner's view that it lacks power, in the situation disclosed, to amend and correct the final decree.

Motion is disposed of as indicated.

Settle order.