In the Matter of the CITY OF NEW YORK, Relative to Acquiring Title to Real Property Required for the Opening and Extending of HARLEM RIVER DRIVE, in the Borough of Manhattan.

Supreme Court, Special Term, New York County, January 16, 1951.

*Davis Polk Wardwell Sunderland & Kiendl* for Dry Dock Savings Bank, petitioner.

*Jesse Sobol* for Helen M. Campbell, respondent.

EDER, J. The final decree herein, with respect to damage parcel No. 114-H, made an award of $8,970 to an unknown owner for land and improvements taken by the City of New York. Petitioner, Dry Dock Savings Bank, as first mortgagee, claims the entire amount of said award, with lawful interest thereon, less any authorized assessments, taxes or other charges. By cross motion, the respondent, asserting her ownership of said damage parcel, claims said award on the ground that petitioner's mortgage is barred by the six-year Statute of Limitations, section 47-a of the Civil Practice Act.

Petitioner's said mortgage was executed on August 25, 1935, in the principal sum of $18,000 with interest at the rate of 5% per annum. The mortgage became due on August 29, 1940, in said principal sum of $18,000; the last payment by the respondent (the fee owner and mortgagor) was made on December 26, 1942, and there then remained due and unpaid on said mortgage the sum of $16,500. No further payments of any kind on the bond and mortgage have been paid since said last payment and no action or proceedings of any kind have been taken by petitioner on the bond and mortgage.

Subdivision 1 of section 47-a of the Civil Practice Act provides: " An action upon a bond, the payment of which is secured by a mortgage upon real property, or upon a bond and mortgage so secured, or upon a mortgage of real property, or any interest therein, must be commenced within six years after the cause of action has accrued."

It is thus clear from the facts above set forth that petitioner's mortgage is outlawed and unenforcible.

Petitioner contends, however, that respondent's sole remedy, to assail the validity of the mortgage, is by action to remove the mortgage as a cloud on title. To support this premise petitioner cites and relies on *Matter of City of New York (Pike St.)* (N. Y. L. J. Dec. 20, 1950, p. 1653, col. 3). That case is inapplicable and arose upon a different state of facts. In that case the fee owner sought, by affirmative application, to have the mortgage adjudged invalid and the court denied the application holding that it was, in effect, an action to remove a cloud on title and that the proper remedy and procedure were those prescribed by subdivision 4 of section 500 of the Real Property Law.

In the instant case it is not the fee owner but petitioner, as mortgagee, who has taken affirmative action to have the mortgage declared valid and enforcible; hence the *Pike Street* case is irrelevant, as subdivision 4 of section 500 of the Real Property Law has no relation to an application by a mortgagee for a summary determination respecting the validity of the mortgage lien.

In seeking, by cross motion, an order directing payment of the award to her, respondent fee owner may, in this proceeding, properly assail the validity of the mortgage and request that the award be made payable to her; this was the view and conclusion of the court in *Matter of City of New York (Harlem Riv. Drive)* (198 Misc. 901).

Accordingly, the mortgage is held to be barred by the Statute of Limitations and unenforcible (Civ. Prac. Act, § 47-a).

Petitioner claims, further, that even if the mortgage be held barred and unenforcible, it is still entitled to recover, in this proceeding, the unpaid interest in the sum of $3,361.88, payable out of the award.

This contention is disputed by the respondent who contends that petitioner's sole remedy to obtain payment of the interest is by formal action at law to recover the same. The contention of respondent is viewed as untenable. In a comparable situation the mortgagee was allowed to recover the unpaid interest, in *Matter of City of New York* (*Pearl St.*) (N. Y. L. J. Dec. 10, 1947, p. 1688, col. 3). I am in accord therewith.

Accordingly, the motion of petitioner mortgagee is granted to the extent of directing payment to it of the unpaid interest in the sum of $3,361.88, and the cross motion of respondent fee owner is granted to the extent of authorizing payment to her after payment is first made to the petitioner mortgagee of said sum of $3,361.88. In both instances the payments are to be made subject to deductions of any authorized assessments, taxes or other charges.

Motions disposed of as indicated. Settle order.